**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2014

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>DAMIAN RASHEED LAW,<br><br>Defendant - Appellant. | No. 13-10640<br><br>D.C. No. 2:11-cr-00227-KJM-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted November 19, 2014[**]
San Francisco, California

Before: GOULD, WATFORD, and FRIEDLAND, Circuit Judges.

Damian Law appeals from the district court's order denying his motion to

suppress evidence supporting his convictions for possession with intent to

distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possession

of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 924(c)(1)(A). We review de novo the denial of Law's motion to suppress. *See United States v. Sullivan*, 753 F.3d 845, 855 (9th Cir. 2014). We review for clear error the district court's factual findings. *Id.* Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the denial of Law's motion to suppress.

Law seeks to suppress evidence officers obtained during a warrantless search of a car he was driving. The automobile exception to the Fourth Amendment allows police officers to search a vehicle without a warrant if they have probable cause to believe that it contains contraband. *See United States v. Ross*, 456 U.S. 798, 799-800 (1982).

We agree with the district court's conclusion that the police officer had probable cause for the search of the car. *See Tatum v. City & Cnty. of S.F.*, 441 F.3d 1090, 1095 (9th Cir. 2006) (finding probable cause to arrest the plaintiff because, among other things, he disobeyed a police officer's commands); *United States v. Spencer*, 1 F.3d 742, 746 (9th Cir. 1992) (finding probable cause to search a car for a firearm based on the defendant's concealing movements while in the car and a shoulder holster that he was wearing); *United States v. Koshnevis*, 979 F.2d 691, 695 (9th Cir. 1992) (citing the defendant's inconsistent statements and nervous demeanor in support of a finding of probable cause). Law's reliance on *United States v. Parr*, 843 F.2d 1228 (9th Cir. 1988), is misplaced because Law's

2

furtive movements were not the only factor that supported finding probable cause to search his car.

**AFFIRMED.**